**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMY FURY,

    Appellant,

v.                                                Case No: 8:20-cv-82-T-36

JON M. WAAGE,

    Appellee.

_____

**ORDER**

This cause comes before the Court upon Appellant's Motion for Writ of Mandamus to Return Bonds (Doc. 7), Trustee's Response to Petition for Writ of Mandamus to Return Bonds (Doc. 10), and Rebuttal to Response for Trustees Motion for Writ of Mandamus to Return Bonds (Doc. 11). Appellant seeks return of bonds allegedly tendered to the Clerk of the Court and US Trustee, and any monetary gains from said bonds. (Doc. 7). Upon due consideration and having been fully advised in the premises, the Court will **DENY** the request for Writ of Mandamus.

*Background*

On November 18, 2019, Appellant filed a voluntary petition under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida. (Doc. 15). *See also Fury v. Wage*, Case No. 8:19-bk-10951-CPM. The case was dismissed without prejudice on December 11, 2019, because Appellant had failed to cure filing deficiencies. (Doc. 15).[1] A month later, Appellant filed a motion in the bankruptcy court seeking a return of bonds

---

[1] The bankruptcy court's dismissal of the Chapter 13 proceedings is the subject of the appeal here. (Doc. 1).

deposited with the court and any monetary gains from those bonds. (Doc. 11, Ex. A). She then filed in this Court the instant motion for writ of mandamus on January 27, 2020, for return of the bonds, and a similar motion for writ of mandamus before the bankruptcy court on February 11, 2020. (Doc. 7; Doc.11, Ex. B). The bankruptcy court struck both motions before it on the ground that the case had been dismissed so it had no jurisdiction to consider the motions. (Doc. 11, Exs. C, D). The bankruptcy court also stated in its order on the motion to return bonds—dated February 11, 2020—that even if the case was not dismissed the Court would have denied the motion because it had not been provided "any papers constituting legally cognizable bonds" in connection with that action or a prior action involving Appellant, Case No. 8:19-bk-1769-CPM. (Doc. 11, Ex. C). Additionally, the bankruptcy court informed Appellant it was extending her the courtesy of coming to the Clerk's office to pick up any original papers currently held by the Clerk of Court. *See id.*

In her Motion for Writ of Mandamus, Appellant makes a legal demand for return of the bonds pursuant to 18 USC § 645, and a transfer by the Court and the Trustee to Appellant of the CUSIP's[2] and a relinquishment of all claims. (Doc. 7). She argues that the bankruptcy court's explanation that the case has been closed is simply an attempt to hide the fact that the bonds have been monetized, and evidences a conspiracy to embezzle the funds. *See id.* Since that dismissal, Appellant has allegedly filed a new action which apparently runs the risk of dismissal unless Appellant updates a financial summary. *See id.* Appellant alleges that updating the financial summary would result in perjury and fraud upon the bankruptcy court because the bonds have been monetized. *See id.* In response, the Trustee argues that the petition should be denied because neither the Trustee nor bankruptcy court have received from Appellant any papers constituting

---

[2] CUSIP stands for Committee on Uniform Securities Identification Procedures and a CUSIP number identifies most financial instruments including bonds. *FastAnswers*, U.S. SECURITIES AND EXCHANGE COMMISSION, https://www.sec.gov/answers/cusip.htm (modified April 27, 2015).

"legally cognizable bonds" in connection with either of Appellant's bankruptcy cases, and the bankruptcy court—in its order dated February 11, 2020—provided Appellant with the opportunity to pick up from the Clerk's office any original papers currently held by the Clerk of Court. (Doc. 10 ¶¶ 7, 8). Appellant did not address these arguments in her rebuttal; rather, she raised scurrilous allegations against the Clerk of the Court and the Trustee. (Doc. 11).

### *Legal Standard*

It has long been established that mandamus is an extraordinary remedy and is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *In re: Secretary, Florida Department of Corrections, Petitioner.*, No. 20-10650-J, 2020 WL 1933170, at *1 (11th Cir. Mar. 30, 2020) (*citing Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997)). As is consistently explained by the United States Court of Appeals for the Eleventh Circuit and courts across the country, for a writ of mandamus to issue (i) the party seeking the writ must have no other adequate means of relief; (ii) the petitioner must demonstrate that his or her right to the writ is clear and indisputable; and (iii) the issuing court must determine whether a writ is appropriate under the circumstances. *Id.* (*citing Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-381 (2004)); *Stevens v. Colt*, No. 3:09-CV-487J25TEM, 2009 WL 5698496, at *3 (M.D. Fla. Nov. 10, 2009*), report and recommendation adopted in part*, No. 3:09-CV-00487-J25TEM, 2010 WL 2510415 (M.D. Fla. Mar. 29, 2010), *aff'd*, No. 10-14387, 2011 WL 1500599 (11th Cir. Apr. 20, 2011) (stating same). All three conditions *must* be satisfied. *Cheney*, 542 U.S. at 380.

### *Discussion*

Appellant has failed, both in the motion and the rebuttal, to address the three factors which must be satisfied before a court can issue a writ of mandamus. Construing the motion as a petition,

Appellant's failure to allege the satisfaction of the three factors renders it facially insufficient. *See Dumel v. Lawrence*, No. 8:15-CV-297-T-23EAJ, 2015 WL 4887565, at *1 (M.D. Fla. Aug. 17, 2015) (stating that complaint for mandamus relief was "facially insufficient because it fail[ed] to show entitlement to the performance of a particular act, to identify who [wa]s responsible for performing the act, and to prove the lack of an alternative remedy").

Regardless, the request must be denied because all three factors cannot be satisfied. First, it does not appear that there are no other adequate means of relief. In fact, the bankruptcy court provided Appellant the opportunity to pick up any paper she has filed in the case which is held by the Clerk of Court. (Doc. 10 ¶ 7). Appellant's failure to avail herself of this avenue prohibits her from showing the absence of other adequate means of relief. For this same reason, a writ is not required—moreover appropriate—in this case. "The extraordinary remedy of a writ of mandamus is appropriate only if the petitioner "has exhausted all other avenues of relief.'" *United States v. Izquierdo*, 436 F. App'x 929, 931 (11th Cir. 2011) (*quoting Cash v. Barnhart,* 327 F.3d 1252, 1257 (11th Cir.2003)). It is clear Appellant has not availed herself of an available remedy. This same reason also brings into question whether Appellant has a clear and indisputable right to a writ of mandamus. Appellant has not satisfied this burden and the record before this Court does not otherwise show that Appellant can carry this burden.

The extraordinary writ of mandamus is not appropriate in this case. Although it does not appear that the Clerk has any "legally cognizable bonds" in connection with Appellant's bankruptcy cases, the bankruptcy court has provided Appellant a way of obtaining any original papers held by the Clerk.

Accordingly, it is **ORDERED:**

1. Appellant's Motion for Writ of Mandamus to Return Bonds (Doc. 7) is hereby **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on May 29, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:   All Counsel of Record

All *Pro Se* Parties